930 So.2d 37 (2005)
Murlidhar G. SADHWANI
v.
Darlene E. JAMES and Allstate Insurance Company.
No. 2005-CA-0601.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 2005.
Rehearing Denied January 3, 2006.
Michael J. Begoun, Wolfe, Begoun & Pick, L.L.C., New Orleans, LA, for Plaintiff/Appellee, Murlidhar G. Sadhwani.
Lucia G. Hawks, Law Offices of Harold G. Toscano, New Orleans, LA, for Defendant/Appellant, Allstate Insurance Company.
(Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The trial court rendered a judgment in favor of the plaintiff, Murlidhar G. Sadhwani, and against Allstate Insurance Company in connection with a traffic accident involving Mr. Sadhwani and Allstate's insured. Allstate is appealing the judgment.

FACTS AND PROCEDURAL HISTORY
Mr. Sadhwani was driving down Canal Street in New Orleans when he stopped in a school zone to allow students to cross the *38 street. A car driven by Nicole Johnson and owned by Darlene James hit Mr. Sadhwani's stationary vehicle from the rear when he stopped his car. Mr. Sadhwani testified at the trial that he was a diabetic and that he was very shaky after the accident. Although his car could still be driven after the accident, Mr. Sadhwani called his daughter to drive him home from the scene of the accident, because he was not feeling well. He testified that his right knee was "hurting really bad that day." He also said that his left shoulder was injured in the accident.
Mr. Sadhwani further testified regarding the medical treatment that he received for the injuries that he suffered in the accident. He said that he was treated by Dr. Chakku P. Devidoss about a week or ten days after the accident. Mr. Sadhwani stated that he told Dr. Devidoss that he "had an accident" and that his right knee was "hurting me very bad." Mr. Sadhwani also said that he told Dr. Devidoss that he could only walk "once in a while." According to Mr. Sadhwani, Dr. Devidoss said that he would give him some medicine and if the medicine did not work, then he would refer Mr. Sadhwani to a specialist. The only treatment that Mr. Sadhwani received in connection with the injuries from the traffic accident was "pain medicine."
Mr. Sadhwani testified that his knee pain never improved. In fact, he testified that it was "getting worse and worse." Eventually, Dr. Devidoss referred Mr. Sadhwani to Dr. Mark Juneau, Jr., an orthopedic surgeon, for further treatment of his knee problem. Mr. Sadhwani testified that Dr. Juneau ordered an MRI[1] and that based on the MRI results, Dr. Juneau told him that he needed arthroscopic knee surgery[2] Dr. Juneau could not perform the surgery, however, until Mr. Sadhwani's diabetes was under control, which it was not when the surgery was recommended.
Mr. Sadhwani further testified that he was involved in a second automobile accident approximately eighteen months after the accident that is the subject of the instant suit. He stated that he was involved in a one-car accident, "because my knee was not working." He hit a railing in a parking lot at a Holiday Inn motel, and his car sustained extensive damage.
Finally, Mr. Sadhwani testified that Dr. Devidoss was a very attentive physician and that he took notes on the medical complaints that Mr. Sadhwani related to him. Mr. Sadhwani stated, "He write down everything what I said to him."
Mr. Sadhwani was the only witness who testified at the trial, but the depositions of Dr. Juneau and of Dr. Devidoss were introduced into evidence. Dr. Devidoss' deposition reflected that he was unaware that Mr. Sadhwani had been involved in the accident that is the subject of this lawsuit even though he had treated Mr. Sadhwani for a number of medical problems on a regular basis before and after the accident occurred. Dr. Juneau's deposition reflected that Mr. Sadhwani had first seen Dr. Juneau approximately ten days after the second accident. At that visit Mr. Sadhwani told Dr. Juneau about the second automobile accident, but he did not mention the first accident.
Prior to the trial, Allstate stipulated that Ms. James, the owner of the car involved in the accident that is the subject of this case, was insured under an Allstate policy *39 providing coverage in the amount of $10,000.00. It was also stipulated that the policy provided coverage to Nicole Johnson, the person who was driving the car with the owner's permission when the accident occurred. Mr. Sadhwani stipulated that his damages did not exceed the $10,000.00 policy limit. Finally, both parties stipulated the following: (1) that the depositions of Dr. Devidoss and of Dr. Juneau would have been the testimony of the doctors had they been called to testify; (2) that the medical records submitted by the doctors in connection with their depositions were authentic; and (3) that the bills for medical services submitted by the doctors were authentic.
The trial court judge originally rendered judgment in favor of Mr. Sadhwani in the amount of $12,000.00. Because Mr. Sadhwani had stipulated that his damages did not exceed $10,000.00, Allstate moved to have the judgment amended. Pursuant to Allstate's motion, the trial court judge amended the judgment to reduce the damage award to $10,000.00. Allstate is now appealing.

DISCUSSION
Allstate has raised two assignments of error on appeal. First, Allstate claims that Mr. Sadhwani failed to carry his burden of proving that his injuries were related to the accident in which his car was hit by the car driven by Ms. Johnson. Second, Allstate contends that the trial court judge erred in awarding damages to Mr. Sadhwani, because the medical evidence failed to attribute Mr. Sadhwani's injuries to that accident.
ASSIGNMENT OF ERROR NO. 1: The judge erred in awarding damages to the plaintiff where the plaintiff failed to carry his burden of proving that the injury complained of was related to the subject accident where there was no supporting medical testimony to prove a causal connection between the injury and the subject accident.

Burden of Proof
In Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757, 759, the Louisiana Supreme Court set forth the burden of proof that must be met by a plaintiff in a personal injury case. The Supreme Court stated:
In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.
Id. (citations omitted).
To meet his burden of proof Mr. Sadhwani was required to prove by a preponderance of the evidence that the accident involving the car driven by Ms. Johnson caused the injuries to his right leg and left shoulder. He was required to prove this through medical testimony.

Mr. Sadhwani's Testimony
Mr. Sadhwani testified that when the car driven by Ms. Johnson hit his car, his right knee and his left shoulder were injured. He also stated that prior to the accident, he had never had any problems with his knee and shoulder. He further testified that he saw Dr. Devidoss for treatment of the injuries caused by the accident involving Ms. Johnson "about a week or ten days" after the accident. Mr. Sadhwani said that at this visit, he told Dr. *40 Devidoss that he had been in an automobile accident.

Dr. Devidoss' Testimony
Dr. Devidoss testified in his deposition that he regularly treated Mr. Sadhwani for diabetes, kidney problems, high blood pressure, and lung problems. He first treated Mr. Sadhwani more than a year prior to the accident involving Ms. Johnson.
Dr. Devidoss further stated that the first time he saw Mr. Sadhwani after the accident was two and a half months after the accident occurred, a much longer period of time than the "week or ten days" to which Mr. Sadhwani testified. According to Dr. Devidoss' testimony, at the first visit after the accident, Mr. Sadhwani saw Dr. Devidoss for fever, cough, fatigue, generalized muscular aches, nausea, and diarrhea. Dr. Devidoss diagnosed Mr. Sadhwani with acute bronchitis. Dr. Devidoss testified that his notes from that first visit after the accident do not reflect that Mr. Sadhwani ever mentioned that he had pain in his right leg or left shoulder or that he had been in an automobile accident, something that Dr. Devidoss said would have been important to note. Also, Dr. Devidoss' notes do not reflect that he prescribed any medications for Mr. Sadhwani at that time.
Dr. Devidoss said that almost a month later, he again saw Mr. Sadhwani, who told the doctor that he had pain on the lower right side of his abdomen. Dr. Devidoss' notes do not reflect that Mr. Sadhwani mentioned that he had been in an automobile accident. Dr. Devidoss ordered a hepatitis test and a liver function test, but he did not prescribe any medications.
Six months after the accident occurred, Mr. Sadhwani again visited Dr. Devidoss. At this third visit after the accident, Mr. Sadhwani complained of pain in his right leg, but Dr. Devidoss' notes did not reflect that Mr. Sadhwani had mentioned that he had been in an automobile accident. Dr. Devidoss diagnosed acute arthritis and administered a cortisone injection in Mr. Sadhwani's right knee.
Almost a year after the accident involving Ms. Johnson, Mr. Sadhwani went to see Dr. Devidoss regarding symptoms of gastroenteritis[3] that had persisted for two days. Again, Mr. Sadhwani did not mention being in an automobile accident.
Sixteen months after the accident, Mr. Sadhwani saw Dr. Devidoss because of leg pain, back pain, neck pain, and hip pain. According to Dr. Devidoss' testimony, he prescribed pain medication and a muscle relaxant for Mr. Sadhwani. An MRI and x-rays of Mr. Sadhwani's back that were ordered revealed only degenerative changes in Mr. Sadhwani's lumbar[4] spine. Dr. Devidoss stated that Mr. Sadhwani did not mention any accident or injury that might account for his symptoms. During the next several weeks, Dr. Devidoss saw Mr. Sadhwani three more times concerning Mr. Sadhwani's knee pain. According to Dr. Devidoss' testimony, at the last of these visits, Mr. Sadhwani stated that he had been involved in an automobile accident the preceding day, and he complained of knee pain and a bruised abdomen. Dr. Devidoss then referred Mr. Sadhwani to Dr. Juneau.
In his deposition, Dr. Devidoss was specifically asked whether it would be "fair to say that prior to September 29, 2003 [the date on which Mr. Sadhwani advised Dr. *41 Devidoss of the Holiday Inn parking lot accident], you can not relate any automobile accident or any fall or any type of accidental injury to the complaints that Mr. Sadhwani had prior to September 29, 2003?" Dr. Devidoss said, "That's right."

Dr. Juneau's Testimony
Dr. Juneau testified in his deposition that Mr. Sadhwani said that he had been experiencing right knee pain for approximately two weeks and that he had been involved in an automobile accident two weeks prior to the visit. Mr. Sadhwani, however, did not mention to Dr. Juneau that he had also been involved in the accident with Ms. Johnson approximately a year and a half earlier. Dr. Juneau testified that he took x-rays and ordered an MRI of Mr. Sadhwani's knee. Dr. Juneau further testified that he diagnosed Mr. Sadhwani with degenerative changes in the right knee and a torn meniscus[5]. Dr. Juneau recommended arthroscopic surgery for Mr. Sadhwani's condition, but the surgery was never performed due to complications related to Mr. Sadhwani's diabetes.
Dr. Juneau's testified that he had no way of knowing how Mr. Sadhwani tore his meniscus. The only thing that Dr. Juneau could say was that Mr. Sadhwani had a torn meniscus and that Mr. Sadhwani had said that he was in an automobile accident two weeks prior to seeing Dr. Juneau.

Standard of Review
In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Louisiana Supreme Court stated that it is well settled that an appellate court may set aside a factual finding of a trial court or a jury only where the finding was based on a "manifest error" or was "clearly wrong". Id. at 844. Further, where there is conflict in the testimony, a trial court's or a jury's reasonable evaluations of credibility and reasonable inference of fact should not be disturbed on appeal, even though the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court or jury. Id. Finally, where there are two permissible views of the evidence, the trial court's or jury's choice between them cannot be manifestly erroneous or clearly wrong. Id. See also Harvey v. Cole, XXXX-XXXX (La.App. 4 Cir. 1/23/02), 808 So.2d 771.
In LeBlanc v. Stevenson, XXXX-XXXX, p. 3 (La.10/17/00), 770 So.2d 766, 770, however, the Louisiana Supreme Court stated that "[a]lthough the appellate court must accord deference to the trial court, it is cognizant of our constitutional duty to review facts, not to decide if it, as a reviewing court, would have found the facts differently, but to determine whether the trial court's verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support." (Emphasis added.) We conclude that a factual finding that is reached without evidentiary support is clearly wrong and manifestly erroneous.[6]

Appellate Review
In the instant case we find that the trial court judgment was clearly without evidentiary support. Mr. Sadhwani was required to prove that his injuries were caused by the accident involving Ms. Johnson, and he did not do so. After a thorough review of the record, we conclude *42 that Mr. Sadhwani presented no medical evidence showing a causal connection between the accident with Ms. Johnson and any injuries to his right knee and left shoulder. The evidence instead shows that after the accident with Ms. Johnson but before the accident in the Holiday Inn parking lot, Dr. Devidoss treated Mr. Sadhwani on an ongoing basis for numerous medical problems, most of which were completely unrelated to his right knee or his left shoulder. Further, at no point during that time did Dr. Devidoss note that Mr. Sadhwani had been in an automobile accident involving Ms. Johnson.
The only automobile accident Dr. Devidoss noted was the accident in the Holiday Inn parking lot that occurred a year and a half after the accident that Mr. Sadhwani alleged had caused his injuries. Mr. Sadhwani only consulted with Dr. Juneau after the second accident, which occurred in the motel parking lot. Although he advised Dr. Juneau of that accident, there is no medical evidence in the record before us to support a finding that Mr. Sadhwani mentioned to Dr. Juneau the earlier accident with Ms. Johnson. The only testimony that supported Mr. Sadhwani's claim that he was injured in the accident involving Ms. Johnson was his own testimony. After a thorough review of the record in this case, we find that Mr. Sadhwani did not prove that the accident with Ms. Johnson caused the injuries to his right knee and his left shoulder. For that reason, the judgment of the trial court finding that the accident with Ms. Johnson caused Mr. Sadhwani's injuries is reversed.
ASSIGNMENT OF ERROR NO. 2: The judge erred in awarding damages to the plaintiff where the plaintiff's treating physician failed to relate the injury, more probable than not, to the subject accident, but instead related the injury to a subsequent accident.
Because we have determined that Mr. Sadhwani did not prove that the accident with Ms. Johnson caused his right knee and his left shoulder injury, Mr. Sadhwani is not entitled to damages. The damage award is, therefore, reversed.

CONCLUSION
The judgment of the trial court is hereby reversed. Mr. Sadhwani did not meet his burden of proof and is not entitled to damages from Allstate.
REVERSED.
NOTES
[1] MRI is an acronym for magnetic resonance imaging, which is a procedure in which a magnet linked to a computer is used to create detailed images of areas inside the body.
[2] Knee arthroscopy is a surgical procedure in which a small camera attached to a video monitor is used to examine or repair tissues inside the knee joint with special instruments.
[3] Gastroenteritis is an inflammation of the mucous membranes of the stomach and intestines.
[4] The lumbar spine is that portion of the spine commonly referred to as the small of the back.
[5] The meniscus is cartilage inside the knee joint.
[6] The trial court judge gave no reasons for her judgment on the issue of causation, and there is nothing in the record to support the trial court's finding that the accident with Ms. Johnson caused Mr. Sadhwani's injuries.