976 So.2d 231 (2008)
Carlos HERRERA
v.
Caze JOHNSON and Imperial Fire and Casualty Insurance Company.
No. 2007-CA-0641.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Byron A. Richie, Richie, Richie & Oberle, L.L.P., Shreveport, LA, for Defendant/Appellant.
*232 (Court composed of Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
Defendant, Imperial Fire & Casualty Insurance Company ("Imperial"), appeals the judgment of the trial court awarding Plaintiff, Carlos Herrera, seventeen thousand three hundred ninety one dollars ($17,391.00) for damages resulting from an alleged automobile accident. Finding no support in the record for the trial court's findings, we reverse the trial court's judgment and dismiss Plaintiff's claims against Imperial.
Relevant Facts
This action arose out of an automobile accident which allegedly occurred on or about June 7, 2002 in Orleans Parish, Louisiana. Plaintiff claims that on that date, while he was seated inside a 1995 Ford Mustang that was parked on Cleveland Avenue, the car was suddenly struck by a white vehicle operated by a black male. According to Plaintiff, the driver stopped and got out of his car. However, because Plaintiff does not speak English, he did not speak to the driver of the car. Plaintiff claims that his neighbor spoke to the driver and wrote down the driver's license and insurance information on a piece of paper. According to Plaintiff, the driver then left the scene. Plaintiff's neighbor eventually telephoned the police, who responded hours later.
Based upon the information allegedly gathered by his neighbor, Plaintiff telephoned Imperial to schedule an inspection of the vehicle. However, since Plaintiff did not actually own the vehicle and was not licensed to drive at the time, Plaintiff chose not to pursue a property damage claim. Instead, Plaintiff made a claim for personal injury, claiming that he injured his lower back as a result of the accident. Plaintiff did not seek medical treatment immediately after the accident. According to the Plaintiff, it was not until a friend suggested that he do so that Plaintiff sought treatment at a clinic close to his home. He claims that he was treated there for about nine months with massages.
Plaintiff filed suit in City Court against Caze Johnson, the alleged driver of the vehicle, and Imperial, the insurance company which had issued a policy of insurance to Keishawn Johnson, Caze's former wife, for coverage for damages caused by Keishawn or a permissive user of the insured vehicle, a gold Altima.
At trial, Plaintiff testified through an interpreter. Hugo Mejia, who was attempting to visit Plaintiff's neighbor at the time of the incident, also testified on behalf of Plaintiff. While both men testified that a white vehicle struck plaintiff's parked car, Mejia recalled Plaintiff's car as being a red SUV. Both men described the alleged driver of the white car as a twentyfive to thirty year old black male. Plaintiff testified that he saw his neighbor take down the driver's personal information. However, at the time of trial, this neighbor had returned to Mexico and did not testify at trial. Plaintiff was also unable to present the alleged note at trial. Imperial objected to Plaintiff's testimony regarding the note as double hearsay, since Plaintiff was telling the court what the neighbor allegedly told him about what the offending driver allegedly told her. The trial court overruled the objection on the basis that the Plaintiff was right there at the time his neighbor was allegedly taking down the information. Interestingly, Plaintiff never testified as to what was provided on the piece of paper. Thus, the record is silent as to whether the piece of *233 paper identified Caze Johnson, or anyone else, as the offending driver.
Although Caze Johnson was named as a defendant, he was never served with the lawsuit and did not testify at trial. Caze's ex-wife, Keishawn Johnson, was subpoenaed as a witness and did appear to testify at trial. She indicated that she had previously been married to a Caze Johnson, but denied any knowledge of the accident, or that any automobile owned by them was involved in an accident. She further testified that the only vehicle they owned at the time of the accident was a gold Nissan Altima, and that this was the only vehicle insured under the Imperial Policy.
On February 15, 2007, the trial Court rendered a judgment in favor of Plaintiff and against Imperial, in the amount of seventeen thousand three hundred ninetyone dollars ($17,391.00). This appeal followed.
Assignments of Error
On appeal, Imperial specifies two assignments of error. First, that the trial court was manifestly erroneous in finding that Plaintiff proved by a preponderance of the evidence that the accident was caused by Caze Johnson or any person insured under the policy issued by Imperial to Keishawn Johnson. Second, Imperial argues that the trial court erred in casting Imperial in judgment in the amount of $17,391.00 when the limit on the policy was $10,000.00 per person and $20,000.00 per occurrence.
Discussion
In finding for the Plaintiff, the trial court specifically found that "a vehicle operated by defendant, Caze Johnson, struck the plaintiff's vehicle while the plaintiff was inside cleaning his vehicle" and "[d]ue to defendant's negligence, the plaintiff sustained personal injuries."
In Rosell v. ESCO, 549 So.2d 840 (La. 1989), the Louisiana Supreme Court stated that ah appellate court may set aside a factual finding of a trial court or a jury only where the finding was based on a "manifest error" or was "clearly wrong." Id. at 844. The Court added that when "there is conflict in the testimony, a trial court's or a jury's reasonable evaluations of credibility and reasonable inference of fact should not be disturbed on appeal, even though the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court or jury." Id.
However, in LeBlanc v. Stevenson, 00-0157, p. 3 (La.10/17/00), 770 So.2d 766, 770, the Louisiana Supreme Court stated that "[a]lthough the appellate court must accord deference to the trial court, it is cognizant of our constitutional duty to review facts, not to decide if it, as a reviewing court, would have found the facts differently, but to determine whether the trial court's verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support." (Emphasis added.) We conclude that a factual finding that is reached without evidentiary support is clearly wrong and manifestly erroneous. See Sadhwani v. James, 05-0601 (La.App. 4 Cir. 12/07/05), 930 So.2d 37.
In the instant case we find that the trial court judgment was clearly without evidentiary support. There was no testimony at trial as to the identity of the driver as Caze Johnson. The female neighbor who allegedly took down the driver's information did not testify at trial and Plaintiff was unable to produce the alleged note at trial. Plaintiff did not testify as to the information contained in the note and the record is silent as to what name, if any, was on the note. Moreover, Plaintiff and his witness testified that the offending vehicle was a white car. Caze Johnson owned a gold sedan. Incredibly, Caze *234 Johnson, the supposed driver of the white car was never deposed or interviewed and has yet to be served with this lawsuit. And Keishawn Johnson, Caze's former wife, who was the insured under the Imperial policy, denies any knowledge of the accident. Finally, the Imperial policy covers only damage caused by Keishawn Johnson or a permissive user of the insured vehicle, a gold Nissan Altima. The Plaintiff has not shown that Keishawn Johnson, Caze Johnson, or the gold Altima were involved in the alleged accident.
After a thorough review of the record and the testimony presented at trial, we find that there is absolutely no evidence in the record to support the trial court's finding that Caze Johnson or anyone insured under the Imperial policy caused the alleged accident. Accordingly, the judgment of the trial court is reversed and the claims against Imperial are dismissed with prejudice. Since we find that Imperial is not liable to Plaintiff, we need not discuss Imperial's second assignment of error regarding whether the award exceeded the applicable policy limits.
REVERSED.